Alvin ZIMMERMAN, Appellant,

v.

Anthony J. PRINCIPI, Acting Secretary of Veterans Affairs, Appellee.

No. 91–1964.

United States Court of Veterans Appeals.

Dec. 31, 1992.

Before KRAMER, Associate Judge.

## ORDER

Appellant appeals from a September 26, 1991, decision of the Board of Veterans' Appeals (BVA) which denied appellant an increased rating for his service-connected hypertensive vascular heart disease, currently rated at 10% under 38 C.F.R. § 4.104 Diagnostic Code (DC) 7101 (1991). As pertinent here, appellant also has a 10% service-connected rating for bronchial asthma. The Court has jurisdiction under 38 U.S.C. § 7252(a) (formerly § 4052(a)). Upon careful consideration of the record and the filings of the parties, the Court holds that summary disposition is appropriate when, as here, the issue is of relative simplicity and the outcome is not reasonably debatable. *See Frankel v. Derwinski,* 1 Vet.App. 23 (1990).

Dr. Alvin Zimmerman served on active duty from July 1956 to July 1957, from August 1960 to August 1962, and from August 1978 to October 1983. On August 10, 1980, an echocardiogram noted a mild left ventricular hypertrophy [an enlargement of the walls of the left ventricle of the heart] and no other evidence of organ pathology. R. at 89. On July 13, 1983, a chest x-ray noted a "slight ectasia [dilation, expansion, or distention] involving the ascending aorta consistent with atherosclerotic changes [an extremely common form of arteriosclerosis, which is a thickening of an arterial wall]. R. at 108. Another echocardiogram, dated December 1989, noted a mild left ventricular hypertrophy, mild mi-

tral valve regurgitation, and mild aortic insufficiency. R. at 252. On May 3, 1990, appellant failed to complete an exercise tolerance test because of fatigue. R. at 183. Appellant also stated that he has shortness of breath (dyspnea) after exercise. R. at 246.

The Rating Schedule clearly states that a sustained diastolic reading of 100 or more is required to enable appellant to receive a disability rating higher than his current 10% rating under DC 7101. Appellant does not satisfy this criterion. *See* R. at 84, 90–92, 95, 105, 127, 149, 171, 177, 183.

The Court notes that appellant is presently rated 10% for service-connected bronchial asthma. Nevertheless, in light of the evidence stated above, the BVA erred when it stated that "[t]here is no evidence of definite cardiomegaly, moderate dyspnea on exertion associated with hypertension." *Alvin Zimmerman,* BVA No. 91–56654, at 4 (Sept. 26, 1991). Therefore, the BVA should have considered the possible application of other diagnostic codes, specifically DC 7007 and DC 7100, and provided "reasons or bases" for its determination regarding their applicability. *See Pernorio v. Derwinski,* 2 Vet.App. 625 (1992); *see also* 38 U.S.C. § 7104 (formerly § 4004). In this regard, the Court also notes "[i]t is not expected ... that all cases will show all the findings specified [in a diagnostic code]. Findings sufficiently characteristic to identify the disease and the disability therefrom, and above all, coordination of rating with impairment of function will, however, be expected in all instances." 38 C.F.R. § 4.21 (1991).

Upon consideration of the foregoing, it is

ORDERED that that part of the BVA decision denying an increased rating under DC 7101 is AFFIRMED. It is further

ORDERED that the case is REMANDED for readjudication consistent with this order. Upon remand, appellant is free to request a thallium stress test or additional special testing related to his condition, and, if requested, the BVA will either direct that such tests be obtained or state the

"reasons or bases" for not providing such tests. *See* 38 C.F.R. § 3.327(a) (1991). The Court does not retain jurisdiction.